**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD KAPLAN, | |
| Plaintiff, | Civil Action No. 13-6154 (MAS) (DEA) |
| v. | **MEMORANDUM ORDER ON APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES** |
| LISA M. VIGNUOLO, ESQ., *et al.*, | |
| Defendants. | |

This matter comes before the Court on the application of Plaintiff Richard Kaplan to proceed without prepayment of fees under 28 U.S.C. § 1915. The Court grants Kaplan's application, but dismisses the Complaint because it fails to establish federal subject matter jurisdiction.

According to the Complaint, Kaplan has been incarcerated since sometime in 2007. In 2008, his ex-wife sued him for divorce in New Jersey Superior Court. He now accuses his ex-wife and various other individuals of fraud in connection with the divorce proceedings. Several of the defendants named in Kaplan's Complaint are New Jersey residents. Although Kaplan himself is currently housed at FCI Otisville in New York, his Complaint reveals that he resided with his ex-wife in New Jersey prior to his imprisonment.

Kaplan purports to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332. In light of Kaplan's demand for $10 million in damages, the Court assumes that his claims satisfy the amount in controversy threshold. The Complaint does not, however, establish diversity of citizenship.

The Third Circuit recently endorsed the widely accepted view that "the domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). To rebut the presumption, the prisoner must establish a "*bona fide* intent to remain in the state of incarceration on release." *Id.* Having made no showing of an intent to remain in New York State, Kaplan is presumed to be a New Jersey citizen. It follows that the Complaint does not present a dispute between citizens of different states. Accordingly,

IT IS, on this 20th day of August, 2014, **ORDERED** that:

1) Plaintiff's application to proceed *in forma pauperis* is hereby granted pursuant to 28 U.S.C. § 1915;

2) The Clerk of the Court shall file the Complaint without prepayment of fees or security;

3) The Complaint is dismissed because it fails to establish this Court's subject matter jurisdiction; Plaintiff may move to reopen the case, attaching to any such motion a proposed amended complaint which addresses the deficiencies identified above; and

4) The Clerk of the Court shall mark this case CLOSED.

*[signature]*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE